**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DAVID HASKINS,

    Plaintiff,

v.                                                                                          Case No: 5:16-cv-660-Oc-30PRL

THE REFUGE, A HEALING PLACE,
LLC,

    Defendant.

_____

## ORDER

David Haskins sued his former employer, The Refuge, A Healing Place, LLC, under the Florida Whistleblower statute in state court. The Refuge removed the case based on diversity jurisdiction. Mr. Haskins now moves to remand, arguing the amount in controversy was not met on the date of removal. Because federal law bases the amount in controversy on what a plaintiff may recover—and not on the amount incurred as of the date of removal—The Refuge has met its burden and Mr. Haskins' motion should be denied.

## DISCUSSION

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute that complete diversity of citizenship exists. Rather, the sole issue is whether The Refuge established that the amount in controversy exceeds $75,000.

More specifically, Mr. Haskins argues The Refuge wrongly included back-pay (and other amounts)[1] incurred after the date of removal in its calculation of the amount in controversy. Mr. Haskins argues the appropriate amount of back-pay is $46,153.84, which represents Mr. Haskins' weekly salary of $1,442.31 multiplied by the 32 weeks from when he was terminated until the case was removed.

Mr. Haskins calculation is incorrect for the purposes of determining the amount in controversy because it limits back-pay to the date of removal. This Court has previously held that back-pay damages may be calculated through the proposed date of trial. *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-CV-653-OC-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015); *Hallmeyer v. Gateway Clippers LLC*, No. 8:12-cv-2876-T-30TBM, 2013 WL 268643, at *2 (M.D. Fla. Jan. 24, 2013); *see also Fusco v. Victoria's Secret Stores, LLC*, 806 F.Supp.2d 1240, 1244 (M.D. Fla. 2011). The Court, therefore, accepts The Refuge's $110,908.80 calculation of Mr. Haskin's potential back-pay for purposes of amount in controversy.

The Court also rejects any consideration of mitigation of this calculation because Mr. Haskins failed to submit "affidavits or other evidence specifying the amount of mitigation." *Wineberger*, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (quoting *Fusco*, 806 F.Supp.2d at 1243).

---

[1] Because the back-pay alone is sufficient to satisfy the amount in controversy, the Court need not consider the issues related to front-pay and compensatory damages.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Doc. 5) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of December, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record